IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ELIJAH JONES, :
:
    Petitioner :
: CIVIL NO. 1:10-CV-1031
:
v. : Hon. John E. Jones III
:
:
DAVID EBBERT, :
:
    Respondent :

## **MEMORANDUM**

July 9, 2010

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Petitioner Elijah Jones ("Petitioner" or "Jones"), an inmate presently confined at the Allenwood Federal Correctional Institution ("FCI Allenwood") in White Deer, Pennsylvania, initiated the above action *pro se* by filing a Petition for Writ of Habeas Corpus ("Petition") under the provisions of 28 U.S.C. § 2241. (Doc. 1.) He alleges that he was denied due process in a disciplinary hearing after which he was found guilty and sanctioned with the loss of twenty-seven (27) days of good conduct time. (*See id.* at 4, 6.)

Service of the Petition was directed by Order dated May 26, 2010. (Doc. 8.) On June 17, 2010, a Response (Doc. 14) and supporting exhibits (Doc. 14-2) were

filed. Although Petitioner was given an opportunity to file a reply brief pursuant to our May 26, 2010 Order (*see* Doc. 8 ¶ 7), he has not done so. Accordingly, the Petition is ripe for disposition. For the reasons set forth below, the Petition will be dismissed for failure to exhaust administrative remedies.

**BACKGROUND**

On February 26, 1993, Jones was sentenced to a 300 month term of incarceration by the United States District Court for the Northern District of Ohio following his conviction of armed robbery, bank robbery, and unlawful possession of ammunition. (Doc. 14-2, McCluskey Decl., ¶ 4.) Jones has been confined at FCI Allenwood since October 20, 2008. (*Id.*) His projected release date is July 21, 2018, via good conduct time release. (*Id.*)

On May 13, 2010, Jones filed the instant Petition alleging that his due process rights were violated after he was found guilty of the offenses set forth in Incident Report Number 2002470 and sanctioned with the loss of twenty-seven (27) days of good conduct time. (*See* Doc. 1 at 4, 6.) The records submitted by Respondent show that, on April 13, 2010, Incident Report Number 2002470 was issued to Jones charging him with violating Code 203 (Threatening Another with Bodily Harm), and Code 307 (Refusing to Obey an Order of any Staff Member). (*See* Doc. 14-2 at 19, Incident Report.) On April 29, 2010, following a disciplinary hearing, the

Disciplinary Hearing Officer ("DHO") found Jones guilty of the offenses as charged and sanctioned him with, *inter alia*, the loss of twenty-seven (27) days of good conduct time for violating Code 203, and the loss of thirteen (13) days of good conduct time for violating Code 307. (*See id.* at 25-27, DHO Report.)

**DISCUSSION**

Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, courts in the Third Circuit consistently have required a petitioner to exhaust his administrative remedies before filing a petition for a writ of habeas corpus. *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996) (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981) (per curiam)); *e.g.*, *Callwood v. Enos*, 230 F.3d 627, 632 (3d Cir. 2000). The Third Circuit requires administrative exhaustion for habeas claims raised under § 2241 because "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citations omitted).

The BOP has a three-level Administrative Remedy Program that is available to inmates for "review of an issue which relates to any aspect of their confinement." 28

C.F.R. § 542.10. Inmates first must informally present their complaints to staff, and staff shall attempt to informally resolve any issue before an inmate files a request for administrative relief. 28 C.F.R. § 542.13(a). If unsuccessful at informal resolution, the inmate may raise his complaint with the warden of the institution where he is confined through the submission of a BP-9 form. *Id.* at § 542.14(a). If dissatisfied with the response, the inmate may appeal an adverse decision first to the Regional Office and then to the Central Office of the BOP. *Id.* at § 542.15(a). An exception is made for DHO appeals which are first raised directly to the Regional Director and then to the Central Office. *Id.* at § 542.14(d)(2). No administrative remedy appeal is considered to have been fully exhausted until it has been denied by the Central Office of the BOP. *Id.*

BOP records submitted with the Response in the instant case reveal that, as of June 15, 2010, Petitioner had filed a total of seven (7) administrative remedies. (*See* Doc. 14-2 at 4, McCluskey Decl., 10; Doc. 14-2 at 13-17, Admin. Remedy Generalized Retrieval.) Only one (1) of the remedies submitted by Jones and accepted for review[1] relates to the instant action. (*See* Doc. 14-2 at 17.) Specifically,

---

[1] It appears that Jones previously filed an administrative remedy appealing a decision of a DHO on May 5, 2010 that was rejected on May 7, 2010. (*See* Doc. 14-2 at 13, 16.) It is unclear whether that appeal also related to this action. Even if it relates to this action, it does not affect the disposition of the instant case in light of the fact that Jones subsequently filed an appeal that was accepted and that was pending at the time he filed the instant Petition.

4

on May 17, 2010, four (4) days after the instant Petition was filed, Jones filed an appeal from the DHO's decision with FCI Allenwood at administrative remedy number 547869-F2 alleging that his due process rights had been violated. (*See* Doc. 14-2 at 5, McCluskey Decl., 10; Doc. 14-2 at 17, Admin. Remedy Generalized Retrieval.) At the time McCluskey prepared his Declaration on June 15, 2010, a response by the Northeast Regional Office to Jones' appeal was due on June 16, 2010. (*See id.*) Because it is evident that Jones failed to exhaust his administrative remedies before filing the instant Petition, this action will be dismissed. An appropriate Order will enter.